1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHIDI N. ANUNKA,

                     Plaintiff,

    v.

AMAZON SERVICE
INTERNATIONAL, INC.,

                     Defendant.

CASE NO. C20-6252 BHS

ORDER

       This matter comes before the Court on Defendant Amazon Service International, Inc.'s ("Amazon") Motion for Summary Judgment, Dkt. 16, and Motion to Continue Trial Date, Dkt. 28. The Court has considered the motions, the briefing, and the rest of the file and grants Amazon's Motion for Summary Judgment and denies as moot Amazon's Motion to Continue for the reasons stated below.

## I.   BACKGROUND

       Pro se Plaintiff Chidi Anunka started working as a Level 1 warehouse associate in the operations department at an Amazon fulfillment center in Shakopee, Minnesota known as MSP5 in August 2015. Dkt. 16 at 5. He was hired when he was 65 years old.

1  *Id.* In August 2019, Anunka transferred to a new position at a different site in

2  Minneapolis known as MSP9 where he began working in the logistics department as a

3  Level 3 yard specialist. *Id.* Anunka claims that right after he began working at MSP9,

4  Amazon outsourced work without explanation and he was left with very little work to do.

5  Dkt. 1 at 5. He says that he confronted his supervisor about outsourcing work and offered

6  to pick up work in his old department, but he says Amazon provided no explanation for

7  outsourcing the work, denied him the opportunity to pick up work in the operations

8  department, and instead offered to provide him computer training. *Id.* According to

9  Anunka, that computer training never "came through." *Id.*

10       Amazon alleges that as early as October 4, 2019, a shift lead in Anunka's unit,

11  Bridgette Koch, told his supervisor, Megan Staelgrave, that Anunka was sleeping on the

12  job. Dkt. 16 at 7. When Koch confronted Anunka, he did not deny the allegations but

13  instead told her that he was still adjusting to night shift and there was not much work

14  during night shift. Dkt. 18-1 at 2–3. In December, another colleague told Staelgrave that

15  he saw Anunka asleep on the job and sent her a photo as proof. Dkt. 16 at 7. Staelgrave

16  then met with Anunka to discuss the allegations, showed him the photo, and Anunka

17  refused to comment. *Id.* Staelgrave fired Anunka effective December 29, 2019, when he

18  was 69 years old. *Id.*

19       Anunka claims that he "has no history of sleeping at work." Dkt. 8 at 2. He does

20  claim that there was a contractor who fell asleep on the job and, instead of having his

21  contract revoked, he was relocated. *Id.* at 3. Anunka also makes blanket statements that

22  Amazon was obsessed with promoting young employees and that a younger employee

was promoted after he was terminated. Dkt. 1 at 5. He never explains whether that employee was moved into his prior position or into a completely unrelated position.

Anunka sued Amazon in December 2020 for $2,500,000. Dkt. 1. While he does not state a specific cause of action or define his claims, he seems to assert that Amazon discriminated against him because of his age. *Id.* Amazon deposed Anunka and, during that deposition, Anunka confirmed that age discrimination was the basis for his lawsuit. Dkt. 17-1, Deposition of Chidi Anunka ("Anunka Dep."), at 14:14–16:9. Amazon now moves for summary judgment, arguing that Anunka failed to exhaust his administrative remedies and that there is no genuine issue of material fact that Amazon did not discriminate against Anunka based on his age. Dkt. 16. Anunka does not assert a defense to Amazon's exhaustion argument but argues that Amazon terminated him and denied him a promotion based on his age.[1] Dkt. 21.

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence

---

[1] Anunka filed a response to Amazon's motion, Dkt. 21, as well as "Objections" to the motion, Dkt. 23, "Second Objection" to the motion, Dkt. 25, and "Third Objection" to the motion, Dkt. 26. While these filings are technically improper, pro se plaintiffs are held "to less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the Court considers the arguments and allegations in those filings, as well as in Anunka's "Response to Answer to Complaint," Dkt. 8, in considering the instant motions.

1    in the light most favorable to the nonmoving party and draw all reasonable inferences in

2    that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986);

3    *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact

4    exists where there is sufficient evidence for a reasonable factfinder to find for the

5    nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence

6    presents a sufficient disagreement to require submission to a jury or whether it is so one-

7    sided that one party must prevail as a matter of law." *Id*. at 251–52.

8          The moving party bears the initial burden of showing that there is no evidence

9    which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*,

10   477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party

11   then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the

12   nonmoving party fails to establish the existence of a genuine issue of material fact, "the

13   moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

14   There is no requirement that the moving party negate elements of the non-movant's case.

15   *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has

16   met its burden, the non-movant must then produce concrete evidence, without merely

17   relying on allegations in the pleadings, that there remain genuine factual issues.

18   *Anderson*, 477 U.S. 242, 248 (1986).

19

20

21

22

1

**B.     Age Discrimination**

2      While Anunka does not explicitly state the cause of action on which his age

3 discrimination claims are based, federal age discrimination claims arise under the Age

4 Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*[2]

5      **1.     Exhaustion**

6      An individual asserting an age discrimination claim under the ADEA must file an

7 unlawful discrimination claim with the Equal Employment Opportunity Commission

8 ("EEOC") and wait 60 days before suing their employer. 29 U.S.C. § 626(d)(1). The

9 EEOC claim must be filed within 180 days of the alleged unlawful practice or, where the

10 state in which the alleged discrimination occurred has an age discrimination law, within

11 300 days of the alleged unlawful practice. *Id.* Other circuits have held, consistent with

12 recent Supreme Court precedent on Title VII's exhaustion requirement, that the ADEA's

13 exhaustion requirement is not jurisdictional and is subject to "equitable modification."[3]

14

15      [2] Anunka also makes some fleeting references to racial discrimination. *See, e.g.*, Dkt. 21
16 at 20. But Anunka stated in his deposition that his only claim was for age discrimination. Anunka
Dep. at 15:11–13. Moreover, a complaint must "give the defendant fair notice of what the claim
17 is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
(internal quotation and alterations omitted). A racial discrimination claim is not featured in
18 Anunka's complaint, and there is not enough information for the Court to make any kind of
determination about whether Anunka was discriminated against based on his race.

19      [3] In *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1075 (9th Cir. 2015), the Ninth Circuit describes
the ADEA exhaustion requirement as a "potential bar to jurisdiction." This case was decided
20 prior to the Supreme Court's decision in *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843
(2019) where the Supreme Court held that a similar EEOC exhaustion requirement in Title VII
21 was not jurisdictional but rather "speak to a party's procedural obligations." *Id.* at 1851 (internal
quotation and alteration omitted). The Court also points out in *Davis* that the word
"jurisdictional" is too often used not to describe either subject matter jurisdiction or personal
22 jurisdiction, but rather a procedural requirement like that in Title VII. *Id.* at 1848–50. Thus, the
Court reads the Ninth Circuit's opinion in *Ranza* in conjunction with the Supreme Court's more

1    *See, e.g.*, *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992); *Rhodes v.*

2    *Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991). But cases where equitable

3    modification has been granted often involve situations where the employee was not

4    apprised of the employer's discriminatory acts until after the exhaustion period had

5    passed or where the employee was prevented in some way from timely filing with the

6    EEOC. *See, e.g.*, *Rhodes*, 927 F.2d at 880–81.

7         Amazon's alleged discrimination against Anunka occurred in Minnesota. Dkt. 16

8    at 5. Minnesota has a state age discrimination law, Minn. Stat. § 363A.01, *et seq.*, so

9    Anunka had 300 days after the alleged discrimination to file a claim with the EEOC.

10   Anunka concedes he did not do so, *see* Anunka Dep. at 13:23–14:2, and Anunka's time to

11   file a claim with the EEOC has now expired. Anunka does not give any explanation as to

12   why he did not exhaust his administrative remedies. There are no facts suggesting that he

13   was unaware of Amazon's alleged discriminatory acts and he does not claim to have been

14   ignorant of EEOC procedures. He states only that this case "is not about law

15   technicalities." Dkt. 26 at 2.

16        Anunka failed to exhaust his administrative remedies and he provides no

17   explanation that would excuse that failure. Moreover, even if Anunka could provide a

18   tenable explanation for his failure to exhaust, his claims fail as a matter of law.

19

20

21   _____

22   recent holding in *Davis* and considers the ADEA's exhaustion requirement to be procedural
     rather than jurisdictional.

1          **2.      Failure to Promote**

2          The *McDonnell Douglas* burden-shifting framework applies to Anunka's failure to

3  promote and discriminatory discharge claims. Under the *McDonnell Douglas* framework,

4  if the employee produces evidence sufficient to make a prima facie case of

5  discrimination, the burden shifts to the employer to provide a legitimate, non-

6  discriminatory reason for the adverse action. *Hill v. BCTI Income Fund-1*, 144 Wn.2d

7  172, 181–82 (2001), *abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of*

8  *Kittitas Cnty.*, 189 Wn.2d 516 (2017). If the employer proffers a legitimate, non-

9  discriminatory reason, the burden shifts back to the employee to produce evidence that

10  the employer's reason is pretextual. *Id.* at 182. The employee can show the articulated

11  reason is pretextual "either directly by persuading the court that a discriminatory reason

12  more likely motivated the employer or indirectly by showing that the employer's

13  proffered explanation is unworthy of credence." *Chuang v. Univ. of Cal. Davis, Bd. of*

14  *Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000). If the employee cannot show pretext, the

15  employer is entitled to judgment as a matter of law. *Id.*

16          To establish a prima facie case in a failure to promote age discrimination claim,

17  Anunka must show that he was "(1) at least forty years old, (2) qualified for the position

18  for which an application was submitted, (3) denied the position, and (4) the promotion

19  was given to a substantially younger person." *France v. Johnson*, 795 F.3d 1170, 1174

20  (9th Cir. 2015).

21          Amazon concedes that Anunka was over forty years old. Dkt. 16 at 5. Anunka

22  argues that he was never given a promotion at Amazon and that younger employees were.

1  Dkt. 21 at 2. He never identifies a position he was qualified for, applied for, and was

2  denied. It is undisputed that Anunka changed jobs in 2019 which put him at a higher level

3  in Amazon's internal classification system. Amazon calls the change in position a

4  promotion, Dkt. 16 at 5, but Anunka states that he did not view the new job as a

5  promotion, Dkt. 21 at 3. He does concede that the new position paid more. Anunka Dep.

6  at 13:12–13.

7       Anunka did apply for two higher level positions that he did not receive: a Level 7

8  manager role and a Level 6 transportation manager role. Dkt. 16 at 6. Amazon asserts,

9  and demonstrates, that Anunka was not qualified for these positions because employees

10  are only eligible for a one level increase.[4] *Id.* Anunka had only been employed as a Level

11  1 and a Level 3. *Id.* at 5. Thus, a promotion to a Level 6 or 7 would have violated

12  Amazon's internal guidelines. *See* Dkt. 19-1 at 4–5. Moreover, Anunka does not establish

13  that either of those positions went to younger employees.

14       Anunka asserted in his deposition that he was unable to apply for a promotion

15  because Amazon did not make the positions available to everyone, but nevertheless

16  younger employees were still being hired and promoted. Anunka Dep. 28:12–20. Again,

17  Anunka does not identify any position, for which he was qualified and to which he

18  applied, that he was denied.

19

20

21  —————————————

22      [4] Amazon also explains that a promotion from Level 1 to Level 3 does not violate this
practice because there are no Level 2 positions in the field in US Operations. Dkt. 16 at 6 n.1.

No reasonable factfinder could find that Amazon discriminated against Anunka by failing to promote him because was never denied a promotion to which he applied and for which he was qualified.

### 3. Discriminatory Discharge

To establish a prima facie case in a discriminatory discharge age discrimination claim, Anunka must show that he was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). "An inference of discrimination can be established by showing the employer had a continuing need for the employee's skills and services in that their various duties were still being performed or by showing that others not in their protected class were treated more favorably." *Id.* at 1207–08. (internal quotation and alterations omitted).

Amazon concedes that Anunka was over forty years old and that he was discharged. Dkt. 16 at 5, 7. Anunka asserts that he was a good employee and was performing his job satisfactorily, but that Amazon had contracted out much of his work which he saw as an effort to push him out of the company because of his age. Dkt. 1 at 5. Anunka does not allege he was replaced by a substantially younger employee and conceded he did not know if anyone replaced him. Anunka Dep. at 91:8–16. Anunka also does not allege that his duties were still being performed. He does allege that a contractor who fell asleep on the job was relocated instead of having his contract revoked. Dkt. 8 at

3. A contractor is not a comparator for an employee. Thus, Anunka failed to establish a prima facie case of discriminatory discharge.

Nevertheless, Amazon satisfied its burden in providing a legitimate, non-discriminatory reason for terminating Anunka: he was falling asleep on the job. Dkt. 16 at 6–7. Thus, Anunka has the burden of showing that Amazon's proffered reason was pretextual. While Anunka makes blanket allegations that he was terminated because of his age, he provides no evidence to support those allegations. Moreover, he does not allege that he was replaced by someone younger nor that he had any reason to believe that he was terminated because of his age beyond his assertions that Amazon was obsessed with promoting young employees and that a young person was promoted shortly after his termination. No additional details about that promotion are provided.

In sum, Anunka provided no evidence that could lead a reasonable factfinder to find that Amazon terminated Anunka based on his age rather than his sleeping during work hours.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Amazon Service International, Inc.'s Motion for Summary Judgment, Dkt. 16, is **GRANTED** and that Amazon's Motion to Continue Trial Date, Dkt. 28, is **DENIED as moot**. Anunka's complaint is **DISMISSED with prejudice**.

\\

\\

\\

1    The Clerk shall enter a JUDGMENT and close the case.

2    Dated this 14th day of January, 2022.

3

4                                    _____
                                     BENJAMIN H. SETTLE
5                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 11